PHILLIP A. TALBERT
United States Attorney
COLLEEN M. KENNEDY
BENJAMIN J. WOLINSKY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>KERNEN CONSTRUCTION and BUNDY & SONS, INC. d/b/a BUNDY & SONS LOGGING,<br><br>            Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND FOR A DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      This is a complaint for damages arising out of a forest fire that ignited on July 11, 2012, in the Shasta-Trinity National Forest in Trinity County, California.  The fire, which became known as the Flat Fire, began along a remote section of Highway 299 and burned approximately 1,608 acres of National Forest System lands, as well as 80 acres of private land.  The Flat Fire started when a large piece of logging equipment, belonging to Defendant Bundy & Sons, Inc., being hauled in a trailer driven by an employee of Defendant Kernen Construction, came loose and dragged along the highway, throwing

sparks that ignited two wildland fires, including the Flat Fire. Defendants are liable for, among other things, igniting the Flat Fire negligently or in violation of law.

## THE PARTIES

2.      The United States, as sovereign, owns National Forest System lands, including the Shasta-Trinity National Forest, that are under the supervision, control, administration and protection of the United States Department of Agriculture, Forest Service ("Forest Service"), an agency of the United States.

3.      Defendant Kernen Construction ("Kernen") is a company that provides a range of construction-related services in Northern California. Kernen is a California partnership with its principal place of business near Blue Lake, California.

4.      Defendant Bundy & Sons, Inc. d/b/a Bundy & Sons Logging ("Bundy & Sons") is a company that conducts logging operations in Northern California. Bundy & Sons is a California corporation with its principal place of business in McKinleyville, California.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345, because this action is commenced by the United States and arises under federal common law and Art. VI, Cl. 2 (the Supremacy Clause) of the United States Constitution.

6.      Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391(b), because the events or omissions giving rise to the United States' claims occurred in Trinity County, California, and the property damaged is located in Trinity County, California, which is within this district.

## GENERAL ALLEGATIONS

7.      On July 11, 2012, employees of Kernen and Bundy & Sons were driving westbound on Highway 299 for the purpose of transporting a large piece of logging equipment owned by Bundy & Sons from a logging site near Trinity Lake to another location about 100 miles to the west. A Bundy & Sons employee, Joe Bundy, was driving a pilot car in front of a "lowboy" trailer truck driven by a Kernen employee, Billy Wayne Hicks, Jr., which was carrying the equipment. The equipment they were transporting was a "feller buncher," which is a piece of motorized heavy machinery with an attachment at

the end that is designed to quickly cut and gather trees.  The truck owned by Kernen was hauling a "lowboy" trailer, which is a 16-tire, 2-axle trailer with a low deck, commonly used to haul heavy equipment.

8. The feller buncher had been loaded on the trailer that afternoon at the logging site, and several Bundy & Sons employees assisted Hicks with securing the chains on the equipment, since Hicks had never hauled anything like it before.

9. After traveling down the road for some time, Bundy and Hicks pulled over in Weaverville, California and noticed that the chain securing the head of the feller buncher had broken and the head had hit the ground.  Bundy and Hicks again attempted to secure the equipment and left Weaverville heading westbound.

10. After driving approximately 30 miles further west on Highway 299, Hicks, still driving the trailer, noticed in his passenger side mirror what appeared to be a bright orange streak along the roadway, although he saw there was no orange paint on the roadway ahead of him.  When Hicks pulled over and got out of the vehicle, he realized that the chain around the head of the feller buncher had once again come unsecured and the head of the feller buncher had been scraping along the ground.  When he went a short way east down the road from where they had come, Hicks saw the smoke from the Flat Fire.

11. Hicks and Bundy went back to the origin area of the Flat Fire and attempted to extinguish the fire with shovels, but were unable to do so.  The area on the northeastern side of Highway 299 where the Flat Fire ignited was an area with a steep slope leading away from the roadway, and the fire was moving very quickly up that slope.

12. Unbeknownst to Hicks and Bundy, the unsecured equipment had been scraping along the roadway for some time, and had also ignited another, smaller fire, known as the Point Fire, about one-quarter mile east along Highway 299 from the Flat Fire origin area.  The Point Fire was contained after burning less than one acre.

13. After fire suppression resources arrived at the scene, Bundy had a conversation with Forest Service Fire Engine Captain Ezra Stiles, in which Bundy stated that something had broken and that he took full responsibility for the fire.

14. Forest Service investigators determined the cause of the Flat Fire to be sparks created when the Bundy & Sons equipment being transported by Kernen came unsecured and dragged along Highway 299. Bundy's statement to Captain Stiles was supported by physical evidence, including fresh scrape marks found along the roadway next to the origins of both the Flat Fire and the Point Fire. The investigators excluded all other possible causes, including lightning strikes, campfire, smoking, arson, and other causes for which there was no evidence. The origin area of the Flat Fire—in a remote location along the side of a major highway with a steep slope—made other causes unlikely.

15. The Flat Fire spread quickly from its ignition point and ultimately burned approximately 1,608 acres of National Forest System lands, along with an additional 80 acres of private land. The Forest Service suppressed the Flat Fire at substantial cost to the United States.

16. The Flat Fire also caused extensive damage to National Forest System lands, including but not limited to: the current and future costs of mitigation, rehabilitation, and restoration of burned areas; destruction of and damage to timber, habitat, wildlife, watershed, and earth protection; scenic and aesthetic values and views; environmental damages for timber and other property of the United States; damages to land under cultivation for timber; loss of use and recreation; soil damage; and erosion.

17. The United States has made a demand on each of Kernen and Bundy & Sons for payment of some of the costs and damages incurred by the United States in connection with the Flat Fire, including suppression costs, certain resource damages, and costs to undertake emergency rehabilitation efforts. Neither Defendant has paid any part of the sum demanded by the United States.

18. Causing timber, trees, brush, or grass to burn except as authorized by permit is prohibited by law, including 36 C.F.R. § 261.5(c) and California Public Resources Code § 4421. The United States did not authorize or otherwise grant permission to ignite the Flat Fire.

## COUNT I

### (Negligence and Negligence Per Se)

19. The United States incorporates the above allegations as if fully stated herein.

20. Each of the Defendants negligently, and in violation of law, ignited the Flat Fire or allowed it to be ignited on National Forest System Lands. As a result of those negligent and unlawful actions, the United States suffered damages in an amount to be proven at trial. Defendants are liable for such

damages under federal common law, both under general principles of negligence and borrowing from California liability statutes that are not aberrant or hostile to federal interests to supply the federal rule of decision, including California Health & Safety Code §§ 13007, 13009, and 13009.1.

21. At all times relevant to this action, Defendants had a duty to exercise reasonable care in securing and transporting heavy equipment. Defendants had a duty to do so in a safe manner and so as to prevent damage to the land and property of the United States.

22. Each of Defendants breached these duties by, among other things: igniting the Flat Fire or allowing it to ignite; failing to take reasonable precautions to prevent the ignition and spread of the fire; failing to properly secure the feller buncher before transport; failing to take reasonable steps to ensure the feller buncher remained secure throughout transport; failing to maintain their equipment in a safe and effective working order; failing to secure a permit or other authorization to burn timber, brush, and forest; failing to prevent damage to the land and property of the United States; failing to ensure the proper and safe transport of heavy equipment through National Forest System lands; failing to maintain control of the fire after its ignition; and failing to implement appropriate training, policies, and procedures to ensure such proper and safe transport.

23. The United States is further entitled to a presumption and inference of negligence under the doctrine of *res ipsa loquitur*, because: (1) the ignition and spread of the Flat Fire was an incident of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the Flat Fire was caused by an agency or instrumentality within the exclusive control of Defendants; and (3) the United States did not cause or contribute to the ignition of the Flat Fire.

24. Defendants violated multiple statutes and regulations, including, but not limited to: 36 C.F.R. §§ 261.5(a), (c), (e), and 261.9(a); California Health & Safety Code §§ 13001 and 13002; and California Public Resources Code §§ 4421, 4422, and 4435. The United States' damages result from an occurrence of the nature which the statutes and regulations were designed to prevent. The United States is one of the classes of persons or entities for whose protection the statutes and regulations were adopted.

25. Pursuant to California Public Resources Code § 4435, if any fire originates from a "device which may kindle a fire," the occurrence of the fire is prima facie evidence of negligence in the maintenance, operation or use of the device. The Flat Fire originated from the defendants' operation or

use of a machine or device which may kindle a fire. Specifically, the defendants used their truck and trailer to drag part of a feller buncher on pavement through the forest, where the truck, trailer, and feller buncher did, in fact, kindle a fire. The occurrence of the fire is therefore prima facie evidence of negligence in the maintenance, operation or use of those machines and devices.

26. Defendants' negligent acts, omissions, and violations of law caused the Flat Fire to ignite and were the proximate cause of substantial harm to the United States.

27. As a proximate result of Defendants' negligence and violation of laws in causing the Flat Fire or allowing it to be ignited, the United States has suffered substantial damage, including, but not limited to, costs of fire suppression, lost timber, costs of reforestation, damage to habitat, soil, and watersheds, and loss of irreplaceable environmental resources, in an amount to be proven at trial.

28. Defendants are responsible for all costs and damages caused by their negligence and the negligence of their agents and employees.

29. Defendants' employees acted at all times within the course and scope of their employment, and Defendants are liable for the acts and omissions of the employees in starting the fire or allowing it to be ignited.

## COUNT II

### (Trespass by Fire)

30. The United States incorporates the above allegations as if fully stated herein.

31. Each of Defendants negligently, and in violation of law, ignited the Flat Fire and allowed it to spread on National Forest System lands within the Shasta-Trinity National Forest.

32. This encroachment and invasion by fire onto the United States' property was done without the United States' consent.

33. As a proximate result of this trespass, the United States has suffered substantial damage, including, but not limited to, costs of fire suppression, lost timber, costs of reforestation, damage to habitat, soil, and watersheds, and loss of irreplaceable environmental resources, in an amount to be proven at trial.

## COUNT III

### (For A Declaratory Judgment that Cal. Health & Safety Code § 13009.2 Is Inapplicable)

34. The United States restates the above allegations as if fully set forth therein.

35. To compensate the public for the full extent of the harm caused by Defendants' negligent and unlawful ignition of the Flat Fire, the United States seeks full compensation for all of its damages, including, but not limited to, the costs of fire suppression, the current and future costs of mitigation, rehabilitation, and restoration of the burned areas, loss of and damage to timber, soil, habitat, wildlife, watershed, scenic and aesthetic values and views, and loss of irreplaceable environmental resources.

36. Under federal law, borrowing from California statutes, the United States is entitled to recover for all of its separate and identifiable injuries, including intangible environmental harms, and its recovery is not constrained by the "fair market value" of protected public forest lands. The United States is also entitled to double damages resulting from wrongful injuries to the timber, trees, and underwood on its land, without waiving full compensation for all other damages. It is entitled to recovery of non-pecuniary ecological and environmental damages based on evidence about the nature and character of the damaged environment and without quantifying such damages other than by jury verdict. And it is entitled to recover timber losses, restoration costs, and non-pecuniary ecological and environmental damages without limitation by the pre-fire market value of the property. Until September 2012, California law authorized recovery of all these damages in cases brought by the United States, as recognized in decisions of the U.S. Court of Appeals for the Ninth Circuit and the U.S. District Court for the Eastern District of California.

37. On September 11, 2012, the California State Legislature enacted California Health & Safety Code § 13009.2, which purports to limit the United States' recovery for injuries sustained by forest fires by, *inter alia*: (1) forbidding the United States from seeking to "enhance" any damages for any reason, including doubling or trebling damages for wrongful injuries to the timber, trees, and underwood, if the United States claims environmental damages of any kind; (2) requiring that any damages the United States recovers must not be "unreasonable in relation to the fair market value of the property," and that in assessing environmental damages, "fair market value of the property is relevant and one factor to be considered"; and (3) limiting ecological environmental damages to those that are "quantifiable." Section 13009.2 does not impose any of these limitations on California citizens or businesses.

38. Section 13009.2 violates the United States Constitution. The statute discriminates against the United States and purports to regulate the United States, and was intended to do so, by limiting not only damages the United States may recover but even what damages it may seek—all in violation of the doctrine of intergovernmental immunities, U.S. Const. Art. VI., Cl. 2.

39. Section 13009.2 is also excluded from those parts of state law borrowed as the rule of decision under federal common law, and thus is inapplicable in wildfire recovery cases brought by the United States, because it is hostile to federal interests and would frustrate the United States' policy as sovereign to recover compensation for all damage to public forest lands caused by the neglect of other parties.

40. Pursuant to 28 U.S.C. § 2201, the Court should declare that Cal. Health & Safety Code § 13009.2 is unconstitutional and inapplicable in cases brought by the United States.

## COUNT IV

### (Interest and Penalties)

41. The United States restates the above allegations as if fully set forth herein.

42. The United States is entitled to recover interest and penalties under federal law, including without limitation under the Debt Collection Act, 31 U.S.C. § 3717, and federal common law borrowing from state law to supply the federal rule of decision.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays for judgment in its favor awarding the United States:

1. Damages fully and fairly compensating the United States for all damages sustained from the Flat Fire, including the costs of fire suppression, the costs of rehabilitation and restoration of the burned areas, loss of commercial timber, loss of environmental resources and uses, and loss of cultural resources;

2. Double of all damages resulting from wrongful injury to timber, trees, and underwood;

3. A declaration that California Health & Safety Code § 13009.2 violates the Supremacy Clause of the United States Constitution, frustrates and is hostile to federal policy, and will not apply to determine the measure of damages in this case;

4. Interest, including interest as authorized under 31 U.S.C. § 3717 and federal common law;

5. Investigation, collection, accounting, and administrative costs incurred as a result of the Flat Fire;

6. Attorneys' fees and costs for trespassing on lands under cultivation; and

7. Any other relief this Court deems appropriate.

Date: July 10, 2017                                   Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

By: */s/ Benjamin J. Wolinsky*
COLLEEN M. KENNEDY
BENJAMIN J. WOLINSKY
Assistant United States Attorneys

## **DEMAND FOR JURY TRIAL**

The United States hereby demands a jury trial for all issues so triable in this action.

Dated: July 10, 2017                                   Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

By: */s/ Benjamin J. Wolinsky*
COLLEEN M. KENNEDY
BENJAMIN J. WOLINSKY
Assistant United States Attorneys