IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.

KERNEN CONSTRUCTION, et al.,

    Defendants.

_____/

No. 2:17-cv-1424-WBS-CMK

ORDER

Pending before the court is Defendant Bundy & Sons, Inc.'s (Bundy) motion to withdraw admissions (Doc. 18). A hearing on the motion was held on July 11, 2018, before the undersigned in Redding, California. Assistant United States Attorney Benjamin Wolinsky appeared on behalf of plaintiff; attorneys Phillip Bonotto and Kristina Lambert appeared on behalf of defendants.

**MOTION**

Defendant Bundy has filed a motion to withdraw untimely responses to plaintiff's request for admissions pursuant to Federal Rule of Civil Procedure 36(b).

/ / /

/ / /

On March 13, 2018, Plaintiff served a set of Requests for Admissions and Interrogatories on Bundy via e-mail.[1] On Monday, April 16, 2018, Bundy called Plaintiff to request an extension of time to provide responses to the discovery requests, requesting until April 20, 2018. Plaintiff informed Bundy that the responses were late, having been due the previous week, on Thursday, April 12, 2018. Plaintiff offered to accept the responses by Thursday, April 19, 2018, provided the responses were "complete, and free of objections." Depositions were scheduled to begin the following Wednesday, April 25, 2018. Defendant Bundy explained they had calendared responses due April 16, 2018, and agreed responses would be provided by April 19, 2018. Plaintiff emphasized the need for complete and objection-free responses.

On April 19, 2018, Bundy served responses, but the responses included a significant number of objections. Plaintiff informed defense counsel the responses were deficient. The parties had an unsuccessful telephonic meet & confer on April 20, 2018, and communicated on the issue via e-mail.

Federal Rule of Civil Procedure 36 provides:

> (a)(1) A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.
> . . .
> (a)(3) A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting part a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
> . . .
> (b) A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. . . .

---

[1] Only the Request for Admissions is at issue in this motion.

The burden to show prejudice is on the party relying on the deemed admission. See Conlon v. U.S., 474 F.3d 616, 622 (9th cir. 2007).

At issue in this motion is the timeliness of Bundy's response to plaintiff's request for admissions. Defendant Bundy acknowledges, the responses were late. He contends this was due to a calendering issue in counsel's office. When the requests came in, they were served via email, but calendared as if received by mail. Thus, they were calendared for 3 additional response days.[2] It was not until counsel requested an additional few days to respond that the error was found. Counsel argues it would be fundamentally unfair for the client to pay for the attorney error. Defendant also contends that allowing the admissions to be withdrawn would facilitate the presentation of the merits of this action, and there was no prejudice to the plaintiff.

Plaintiff argues this issue is more than just the untimeliness of responses to discovery requests; there is a pattern of defense counsel not cooperating in conducting discovery. Plaintiff contends the objections received were not done in good faith, but rather to dodge simple questions. Bundy was asked to correct the problem twice, but Bundy refused. Plaintiff also argues the excuses regarding the calendaring error conflict with each other. Finally, plaintiff contends that not only will the plaintiff be prejudiced by the setting aside of the admissions, but also that defendant and defense experts have already admitted in other discovery to liability. The only issue outstanding that the admissions will help are the existence of damages, but not the exact amount. Thus, withdrawing the admissions will not facilitate the presentation of the merits.

This is not a case where there was a substantial dely in responding to the request for admissions. The substance or sufficiency of the responses are not at issue in the motion, as it is defendant's motion to withdraw admissions. The delay was due to a calendaring error, and the defendant's argument that the client should not suffer due to attorney negligence is persuasive.

---

[2] In the 2016 amendments to the Rules of Civil Procedure, the additional 3 days to act provided for in Rule 6(d) was eliminated for service by electronic means.

3

This request does not fall on the eve of trial as discovery is still open, and there appears to be other ongoing discovery disputes. Plaintiff fails to identify any specific prejudice, such as witnesses no longer being available. As discovery has not closed, the court is hard pressed to see any prejudice to the plaintiff. Plaintiff indicates some prejudice such as not being able to properly prepare for depositions. However, difficulties with discovery are not typically the type of prejudice required for a denial of a motion for relief, as discovery can be reopened to address any particular issues. Indeed, once the responses are finalized, plaintiff can conduct additional discovery if necessary. If additional depositions are necessary, other courts have required the admitting party (here Bundy) to cover some or all of the cost of the additional discovery. This is not currently an issue before the court, but if additional discovery disputes continue due to Bundy's lack of good faith, the court may be willing to entertain such a sanction.

As to the presentation on the merits, withdrawing the admissions will assist in such presentation. While there does not appear to be a strong argument either way, there are some 127 requests for admissions at issue here. Some of the requests for admissions address the merits. Therefore, the court finds that allowing the withdrawal of the admissions will assist in presenting the merits.

Granting relief is permissive, not mandatory. The court has discretion to grant relief when (1) the presentation of the merits of the action will be subserved, and (2) withdrawing the admissions will prejudice the receiving party. See Conlon, 474 F.3d at 621; Rule 36(b). As the delay was minimal, there does not appear to be any prejudice to the plaintiff, and there are some facts remaining to be established on the merits, the court finds good cause to grant the motion. The responses to the request for admissions, set one and two, are therefore withdrawn. Bundy will be provided an opportunity to serve new responses which comply with this order and Rule 36, within 20 days of the date of the hearing. Defendant is admonished that additional showing of bad faith in responding to the requests for admissions will result in sanctions. In order to avoid any additional delay, the court will set a new hearing date to address any further

issues relating to the requests for admissions.  Further briefing on any continuing dispute relating to the requests for admissions shall be filed pursuant to Local Rule 251.  If no hearing is necessary, the parties shall notify the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Bundy's motion to withdraw admissions (Doc. 18) is granted;

2. Defendant Bundy's responses to Plaintiff's Request for Admissions, sets one and two, are withdrawn;

3. Defendant Bundy shall submit new responses to the Request for Admissions, set one and two, that comply with this order and Rule 36 on or before July 31, 2018;

3. A hearing on any additional disputes relating to the Requests for Admissions is set for September 12, 2018, at 10:00 a.m., before the undersigned in Redding, California;

4. If the hearing is necessary, further briefing on the continuing dispute relating to the requests for admissions shall be filed pursuant to Local Rule 251; and

5. If no hearing is necessary, the parties shall notify the court on or before September 5, 2018.

DATED: July 13, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE