UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KERNEN CONSTRUCTION and BUNDY & SONS, INC. d/b/a BUNDY & SONS LOGGING,<br><br>    Defendant. | Civ. No. 2-17-01424 WBS DMC<br><br>MEMORANDUM AND ORDER RE: MOTION TO INTERVENE |

----oo0oo----

        Plaintiff initiated this case against defendants Kernen Construction ("Kernen") and Bundy & Sons, Inc. d/b/a Bundy & Sons Logging ("Bundy"), alleging claims of negligence under a theory of respondeat superior and trespass by fire, and seeking a declaratory judgment that California Health & Safety Code § 13009.2 is unconstitutional and inapplicable. (First Am. Compl. (Docket No. 43).) Presently before the court is California Forestry Association's ("CFA") Motion to Intervene as a defendant in this matter for the limited purpose of defending against Count V of plaintiff's Amended Complaint regarding the

1

constitutionality and applicability of California Health & Safety Code § 13009.2.

Under Federal Rule of Civil Procedure ("Rule 24(b)"), the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The court has discretion to permit a party to intervene and, in exercising this discretion, the court considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011). The "requirements for intervention are to be broadly interpreted in favor of intervention." Smith v. L.A. Unified Sch. Dist., 830 F.3d 843, 853 (9th Cir. 2016) (quoting United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004)).

Here, the first and third factors are clearly satisfied. Federal question jurisdiction already exists in this case, and CFA is not raising any new claims. See Geithner, 644 F.3d at 844 (explaining that the purpose of the jurisdictional grounds requirement is to prevent the enlargement of federal jurisdiction where intervenors seek to bring new state-law claims). There is also a common question of law and fact between CFA's defense and the main action. The government put the constitutionality of California Health & Safety Code § 13009.2 at issue by seeking declaratory relief. CFA's defense of that

section's constitutionality and applicability seeks to refute the plaintiff's legal theory.

Plaintiff focuses most of its opposition on the argument that CFA's intervention would be untimely and unduly prejudice the United States. In analyzing timeliness, courts look at the reason for and length of delay, the stage of the proceeding at which intervention is sought, and the prejudice to other parties. San Jose Mercury News, Inc. v. U.S. Dist. Court-- N. Dist. (San Jose), 187 F.3d 1096, 1101 (9th Cir. 1999) (citation omitted). Timeliness is a flexible concept and its determination is left to the district court's discretion. Alisal Water Corp., 370 F.3d at 921 (citation omitted).

Even though it has been more than one year since the filing of this action,[1] no motions for summary judgment have been filed nor has the court made any rulings on the merits. CFA also has agreed to abide by this court's scheduling order.[2] (Mot. to Intervene at 5.)

---

[1] CFA claims that it did not delay in bringing this motion as they only recently learned of the government's claim and needed time to discuss with counsel whether intervention was appropriate. (Reply in Supp. Of Mot. to Intervene at 3-4.) Although plaintiff contends that intervenor's counsel knew of the lawsuit in early June 2018, the court cannot attribute that knowledge to CFA, as intervenor's counsel was representing a different party at that time. (See Decl. of Benjamin J. Wolinsky ¶ 5.)

[2] The dispositive motion deadline is September 17, 2018. The United States argues that the motions deadline would have to be extended if CFA wants to file a motion for summary judgment. However, CFA represents that if it is allowed to intervene it would be prepared to file any dispositive motions on or before September 17, 2018.

3

Plaintiff, however, argues that, because discovery is closed, plaintiff would either be deprived of discovery against CFA or be forced to substantially delay trial, either of which would result in prejudice to plaintiff's interests. This argument is flawed for two reasons.

First, CFA does not intend to participate in fact-based discovery. (Mot. to Intervene at 6.) Even though plaintiff says that it would need discovery from CFA, Count V of plaintiff's Amended Complaint only relies on the constitutional argument that California Health & Safety Code § 13009.2 does not apply to claims by the United States. (See Am. Compl. at 9-10.) It is unclear how factual discovery would aid in the pursuit of that purely legal theory.

Second, if discovery becomes necessary, the court has discretion to reopen the discovery period. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1027 (9th Cir. 2006). As such, any change to the case schedule would not unduly delay proceedings. Regardless, discovery as to Count V should not impact the trial date and prejudice plaintiff, as it is a purely legal issue that would likely be decided by the court, not the jury. The court therefore finds that this Motion is timely, and the court will grant the Motion to Intervene.[3]

IT IS THEREFORE ORDERED that California Forestry Association's Motion to Intervene be, and the same hereby is, GRANTED. The California Forestry Association is now joined as a

---

[3] Because the court has determined that permissive intervention is appropriate, it does not address whether CFA is entitled to intervene as of right.

defendant in this action for the limited purpose of defending against Count V of plaintiff's Amended Complaint.

Dated: September 12, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE